Frank G. Long (#012245)
flong@dickinsonwright.com
Charles S. Price (#006197)
cprice@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
Phone: (602) 285-5000
Fax: (602) 281-5100
courtdocs@dickinsonwright.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| ARMORED REPUBLIC, LLC,<br><br>                    Plaintiff,<br>v.<br><br>UNDER ARMOUR, INC.,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Declaratory Judgment**<br>(Alleged Trademark Infringement,<br>Dilution and Unfair Competition) |

Plaintiff Armored Republic, LLC ("Armored Republic" or "Plaintiff"), for its complaint herein, alleges as follows:

1.      Plaintiff is an Arizona limited liability company with its principal place of business in Phoenix, Arizona.

2.      On information and belief, defendant Under Armour, Inc. ("Defendant") is a corporation duly incorporated under the laws of the State of Maryland with its principal place of business in Baltimore, Maryland.  Defendant transacts interstate business in Arizona and elsewhere.  The parties are of diverse citizenship.

3.      This Court has subject matter jurisdiction over this case under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a) and 2201.  This Complaint requests a declaratory judgment that Plaintiff has not engaged in trademark infringement,

trademark dilution, or unfair competition in violation of federal law, including 15 U.S.C. §§ 1114(1), 1135(a), and 1125(c), and related state laws.

4. Venue is proper under 28 U.S.C. § 1391(b).

5. Jurisdiction is proper in the District of Arizona because Defendant has purposefully directed its goods, services and business activities towards residents of this State. In Arizona and elsewhere, Defendant sells clothing, footwear, headgear and related products online through its website located at www.underarmour.com; through third-party online retailers; by catalog; through its own retail and outlet stores; and through more than 25,000 "brick and mortar" retail stores worldwide.

6. Plaintiff was founded in 2012 and has been selling body armor, armor plate carriers, and related gear and apparel since that time.

7. Plaintiff sells a wide variety of tactical gear, apparel, and accessories, including body armor, armor plate carriers, rifle bags, backpacks, jackets, targets, medical gear and emergency preparedness goods as well as apparel, such as headgear, shirts, and gloves.

8. Plaintiff sells products through Plaintiff's website, located at www.ar500armor.com, as well as through its showroom in Phoenix, Arizona, and through physical retail locations in the U.S. operated by authorized dealers of those products.

9. Plaintiff identifies its products using the AR500 ARMOR and ARMORED REPUBLIC brand names, among others.

10. Plaintiff owns the U.S. Patent and Trademark Office ("PTO") registrations of the trademarks shown on Exhibit A, attached to this Complaint.

11. Plaintiff has filed several applications for PTO registration of the ARMORED REPUBLIC name as a trademark for a variety of goods and services, including but not limited to "Hats; Shirts; Jackets; Backpacks capable of holding hard plate personal body armor, and rifle slings" and "On-line retail store services featuring body armor, ballistic resistant and blast resistant body armor, hard plate personal body

armor, emergency medical kits, personal defense items consisting of holsters, pouches for holding pistol and rifle magazines, tactical clothing, namely, hats, shirts, jackets, and backpacks capable of holding hard plate personal body armor, and rifle slings." See Exhibit A.

12. Plaintiff is known in the marketplace by the "Armored Republic" and "AR500 Armor" and "AR 500" names.

13. Plaintiff's customers and potential customers associate the AR500 ARMOR and ARMORED REPUBLIC brand names with products sold by Plaintiff.

14. Defendant sent to Plaintiff's attorney a letter dated March 10, 2017, attached as Exhibit B (the "Defendant's Letter").

15. Defendant's Letter states and alleges in part:

- There had been an a "Violation of Under Armour Trademark Rights";

- "Given the similarities, Armored Republic's use and registration of the ARMORED REPUBLIC mark within Class 25 and the use of the AR500 ARMOR mark in connection with clothing and headgear are likely to cause consumers to mistakenly believe that its products are made by, associated with or license or approved by Under Armor";

- "Armored Republic's use and registration of ARMORED REPUBLIC within Class 25 and use of AR500 ARMOR in connection with clothing and headgear constitutes trademark infringement, trademark dilution, and/or unfair competition under federal law (specifically 15 U.S.C. § 1114(1), 1125(a), and 1125(c)) and various state laws";

- "In view of the above, Under Armour demands that Armored Republic . . . abandon with prejudice" its Class 25 Application Serial No. 87246798, and "cease and permanently desist" from using the ARMORED REPUBLIC or AR500 ARMOR marks";

- "In order to resolve this matter amicably, however, Under Armour must receive your written assurances on or before March 24, 2017 confirming that you

will take all of the above actions. Absent receipt of such confirmation, Under Armour reserves the right to take whatever action it deems necessary to protect it valuable trademark rights without further notice, including opposing Application Serial No. 87246798."

16. Defendant's Letter expressly accuses Plaintiff of infringing Defendant's trademarks and is otherwise sufficient to present a case or controversy adequate to support declaratory judgment jurisdiction.

17. Plaintiff's use of Plaintiff's trade names and trademarks, its PTO registrations of that use, and the pending applications for PTO registrations for future expansion of that use, have brought Plaintiff into immediate conflict with Defendant, as illustrated by Defendant's Letter.

18. On information and belief, Defendant's actions were designed to cause, and will unless addressed cause, injury to Plaintiff, including without limitation, the loss of actual, existing, or potential business, market share, profits, customers, and goodwill.

19. In view of the harm likely to be suffered by Plaintiff, Plaintiff filed the instant action to protect its rights in the AR500 ARMOR trademark and ARMORED REPUBLIC trade name.

20. Defendant's actions create an actual case or controversy between Plaintiff and Defendant within the meaning of the Declaratory Judgment Act, 22 U.S.C. §§ 2201 and 2202, for which declaratory relief is necessary and appropriate.

21. A judgment from this Court exercising its discretion and declaring the rights and other relations of the parties will serve a useful purpose in (a) clarifying and settling the legal relations in issue and (b) affording Plaintiff relief from the uncertainty, insecurity, and controversy that gave rise to this proceeding.

22. Failure by this Court to exercise its discretion and resolve the dispute involving the parties' respective intellectual property rights would force Plaintiff to choose between either (a) foregoing the manufacturing, development, promotion, and

sale of Plaintiff's goods using Plaintiff's trademarks or (b) continuing its planned business activities, risking the possibility of future damages and harm to relationships with its customers and suppliers.

23. Acceptance of federal jurisdiction in this matter will advance the resolution of the controversy between Plaintiff and Defendant raised by Defendant's Letter.

24. By reason of the foregoing, a declaration of the rights and legal restrictions regarding Defendant's claims of "trademark infringement, trademark dilution, and/or unfair competition under federal law (specifically 15 U.S.C. § 1114(1), 1125(a), and 1125(c)) and various state laws" is both necessary and proper.

**WHEREFORE**, Plaintiff requests a judgment against Defendant:

A. Declaring that Plaintiff's use and PTO registrations of its AR500 ARMOR and ARMORED REPUBLIC trademarks do not infringe Defendant's trademarks under 15 U.S.C. § 1114(1), or constitute unfair competition under 15 U.S.C. § 1125(c), and 1125(a) and/or state laws, as alleged by Defendant's Letter;

B. Awarding Plaintiff its costs and reasonable attorneys' fees incurred in connection with this action; and

C. Awarding Plaintiff such other and further relief as this Court deems just and reasonable.

Dated this 24th day of March, 2017

**DICKINSON WRIGHT PLLC**

By: *s/ Frank G. Long*
Frank G. Long, Esq.
Charles S. Price, Esq.
Dickinson Wright PLLC
1850 West Central Avenue, Suite 1400
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

PHOENIX 68273-33 359383v1